ALLEN, J.
The claimant appeals a worker’s compensation order for the appointment of an expert medical advisor. We conclude that such appointment may not be made as requested here by the employer, without any other dispute for the judge’s resolution and in the absence of an outstanding petition for benefits.
The employer sought appointment of an expert medical advisor pursuant to section 440.13(9)(c), Florida Statutes, based on an alleged dispute between health care providers. Medical reports were submitted with the employer’s motion, and the matter proceeded to a hearing at which the claimant opposed the requested appointment. Among other issues, the claimant argued that because benefits were being voluntarily paid and there was no outstanding petition for additional benefits, the judge had no authority to order appointment of an expert medical advisor. In rejecting this argument and ordering the disputed appointment, the judge referred to Fla. R. Work. Comp. P. 4.065(a) and 4.025, as well as section 440.13(9)(c).
Rule 4.065(a) indicates that motions for appointment of expert medical advisors under section 440.13 shall be handled in the manner as provided for a claim in rule 4.025, which addresses claims not contained in a petition. While these rules thus describe the manner in which such motions may be presented and considered, the underlying basis for the appointment remains governed by the pertinent statutory provisions relating to expert medical advisors.
Section 440.13(9) addresses the use of expert medical advisors, and paragraph (c) provides that the judge shall order the injured employee to be evaluated by such an advisor when there is disagreement in the opinions of the health care providers. In addition, paragraph (a) indicates that expert medical advisors are certified in order to assist the Division of Workers’ Compensation and the Judges of Compensation Claims, and paragraph (b) indicates that these advisors are engaged to provide peer review or medical consultation to the division or to the judge for the purpose of resolving disputes relating to medical issues. Furthermore, paragraph (d) directs the expert medical advisor to issue a report to the division or the judge, and paragraph (c) indicates that the advisor’s opinion is presumed correct unless the judge determines that there is contrary clear and convincing evidence.
These statutory provisions, taken together as a whole, describe a process by which expert medical advisors are used to aid the division (which is involved in utilization review) and the judges (who hear claims for benefits) with regard to disputes which have been presented for resolution. The statutory process does not authorize the use of expert medical advisors for the parties’ investigation of a potential entitlement to benefits, and without presentation of a dispute for resolution by the judge. Nor do the judge’s investigative powers *156 under section 440.29, Florida Statutes, authorize such an appointment when a dispute is not otherwise presented for the judge’s resolution. Appointment of an expert medical advisor therefore should not have been ordered in the present case, where the employer is merely seeking to use the process for its own investigation and there is no outstanding petition for benefits.
The appealed order is reversed and the case is remanded.
JOANOS and KAHN, JJ„ CONCUR.